FILED '08 AUG 12 16:18 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES CLIFTON CURRY,

        Plaintiff,        Civil No. 07-6250-TC

        v.        FINDINGS AND
                RECOMMENDATION

STEVEN WEST, et al.,

        Defendants.

COFFIN, Magistrate Judge.

    Plaintiff filed this action under 42 U.S.C.§ 1983, 1985 and 1986, alleging violations of his civil rights arising out of his trail on criminal charges. Specifically, plaintiff alleged: "On or about October 26, 2005, Steven L. West, Attorney at Law, and/or (under his direction) Mr. West's assistant, Clayton Szczech, filed a falsified document in

1 - FINDINGS AND RECOMMENDATION

Multnomah Co. Circuit Court, 208, with the Clerk of the Court in Judge Julie E. Franz's Courtroom. Said document a 60-day rule waiver, had plaintiff's falsified 'signature' attached - without his knowledge; in violation of plaintiff's First, Fifth, and 14th Amendment, viz, 'Access to Courts;' 'Due Process of Law;' and, 'Equal Protection of Law.' And as a result plaintiff suffered actual injury when being forced into a plea bargain and an unprepared trial with a scandalous attorney who obviously had no sincere interest in properly defending him." Complaint (#1), p. 2.

By Order (#3) entered September 27, 2007, plaintiff was advised that private individuals are not state actors and their actions are not "under color of state law" for purposes of jurisdiction under 42 U.S.C. § 1983. Plaintiff was further advised that to the extent his allegations could be construed as challenging the constitutionality of his conviction, and therefore possibly state a claim for habeas corpus relief under 28 U.S.C. § 2254, his pleading was deficient because it was not filed on a form provided by the court as required by the Local Rules.

Plaintiff was allowed 30 days to file an amended pleading and advised that failure to file an amended pleading within 30

2 - FINDINGS AND RECOMMENDATION

days would result in the dismissal of this action.

On October 12, 2007, plaintiff filed an "Order" (#5) [docketed as an objection, in which he reiterated his intention to sue the defendants for alleged violations of his civil rights during their representation of plaintiff on criminal charges and on July 31, 2008, plaintiff filed an Amended Complaint (#18) alleging such claims.

As explained in the court's Order (#3) the only named defendants are private individuals. In general, §1983 relating to civil actions for deprivations of rights applies only to conduct carried out under the color of state law. American Manufacturing Mutual Ins. Co. v. Sullivan, 526 U.S. 40 (1999); Lugar v. Edmondson, 457 U.S. 922, 937 (1982). The conduct of private parties such as attorneys, does not generally constitute action under the color of state law. Briley v. California, 564 F.2d 849, 853 (9th Cir. 1977). Even public defenders, when acting in their role as advocates do not act under the color of state law for purposes of liability under 42 U.S.C. § 1983. Polk County v. Dodson, 454 U.S. 312 325 (1981); see also, American Manufacturing, supra (holding that the under color of state law element of § 1983 excludes from its reach private conduct no matter how discriminatory).

3 - FINDINGS AND RECOMMENDATION

In this case, defendants' alleged conduct was in the course of representing plaintiff, *ie*, they were "acting in their roles as advocates." Accordingly, plaintiff's allegations fail to state a claim cognizable under 42 U.S.C. § 1983.

Plaintiff's claim should be denied and the Amended Complaint should be dismissed for failure to state a claim and lack of jurisdiction.

This action should be dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's

4 - FINDINGS AND RECOMMENDATION

recommendation.

DATED this 12 day of August, 2008.

*[signature]*

Thomas M. Coffin
United States Magistrate Judge

5 - FINDINGS AND RECOMMENDATION